UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

PATRICK A. THOMPSON

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. _____

JURY TRIAL DEMANDED

## COMPLAINT

1. Patrick A. Thompson (Plaintiff) brings this complaint against the United States of America (Defendant) pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680.

2. Plaintiff has exhausted his claims by filing the required forms with Defendant and Defendant having failed to make a final disposition of the claim within six months. *See* 28 U.S.C. § 2675(a).

## INTRODUCTION

3. This action seeks damages for Plaintiff's personal injuries resulting from a motor vehicle accident caused by Defendant's employee, Tyler S. Gosselink. Plaintiff was driving his motorcycle southbound on route B when Mr. Gosselink, in attempting to make a left turn onto an adjacent road, turned in front of Plaintiff and collided with him. Plaintiff suffered severe injuries resulting from this accident. Mr. Gosselink was acting within the scope and course of his federal employment with the United States Postal Service (USPS) at the time of the accident and would be liable to Plaintiff under Missouri law.

## JURISDICTION AND VENUE

1

4. This Court has jurisdiction over this claim against the United States for money damages pursuant to 28 U.S.C. § 1346(b)(1).

5. The acts or omissions giving rise to this claim occurred in Cooper County, Missouri, which is located within the Western District of Missouri. Venue is proper under 28 U.S.C. § 1402(b).

## THE PARTIES

6. Plaintiff Patrick A. Thompson, an individual, resides in Miller County, Missouri at 611 N Mill St, Eldon, MO 65026.

7. Tyler S. Gosselink, an individual, resides in Cooper County, Missouri at 15824 J Hwy, Bunceton, MO 65237.

8. Mr. Gosselink was employed by the USPS. He was driving a USPS vehicle and was acting within the scope and course of his employment at the time of the accident such that the United States, if it were a private person, would be liable to Plaintiff in accordance with the laws of the State of Missouri. *See* 28 U.S.C. § 1346(b).

## ALLEGATIONS

9. On or about June 4, 2021, at 1:00 p.m., Mr. Gosselink was driving a black 1997 Jeep Grand Cherokee northbound on Route B in Cooper County, Missouri.

10. At that time, Plaintiff was driving a black 2021 Kawasaki Ninja 1000 motorcycle southbound on Route B.

11. Mr. Gosselink attempted to turn left onto Casey Hill Court and collided with Plaintiff's motorcycle.

12. Plaintiff was thrown from his motorcycle and landed in a ditch running alongside Route B.

## COUNT I – NEGLIGENCE

13. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

14. Missouri law imposes the following duties on individuals operating motor vehicles:

    a. To exercise the highest degree of care and drive the vehicle in a careful and prudent manner. *See* § 304.012.1 RSMo (2022).

    b. To keep a careful lookout. *See e.g.*, *Hayes v. Price*, 313 S.W.3d 645, 650 (Mo. banc 2010).

    c. To yield the right-of-way to oncoming traffic. *See e.g.*, *Saunders v. Baska*, 397 S.W.3d 44, 48 (Mo. App. W.D. 2013).

    d. The driver of a vehicle intending to make a left turn into a private road shall yield the right-of-way to any vehicles approaching from the opposite direction when the making of such left turn would create a traffic hazard. *See* § 304.351.6 RSMo (2022).

15. Mr. Gosselink was negligent in that he failed to exercise the highest degree of care in one or more of the following respects:

    a. He failed to keep a careful lookout;

    b. He failed to look whether there were any oncoming vehicles before turning left;

    c. He failed to yield the right-of-way to vehicles approaching from the opposite direction and thereby created a traffic hazard; and

    d. He knew, or by the use of the highest degree of care as required of drivers in Missouri, should have known, that there was a reasonable likelihood of collision in time to have

        i. stopped,

ii. swerved,

iii. slackened speed,

iv. sounded a warning,

v. slackened speed and swerved,

vi. slackened speed and sounded a warning,

vii. or swerved and sounded a warning,

but failed to do so.

16. As a direct and proximate result of Mr. Gosselink's negligence as set forth above, Mr. Gosselink collided with Plaintiff's motorcycle, catastrophically and permanently injuring Plaintiff.

17. Further, Mr. Gosselink was negligent *per se* in violating multiple Missouri statutes that were enacted for the benefit of Plaintiff and others traveling on public roadways including:

    a. § 304.012 RSMo, requiring all persons operating or driving a vehicle in Missouri to do so with the highest degree of care;

    b. § 304.351.6 RSMo, requiring the driver of a vehicle intending to make a left turn into a private road to yield the right-of-way to any vehicles approaching from the opposite direction when the making of such left turn would create a traffic hazard; and

    c. § 304.014 RSMo, requiring all persons operating or driving a vehicle in Missouri to obey and comply with the rules of the road.

18. Plaintiff is in the class of persons intended to be protected by the rules set forth in paragraph 17.

4

19. Mr. Gosselink's violation of the rules described in paragraph 17 was the proximate cause of Plaintiff's injuries.

20. As a direct and proximate result of Mr. Gosselink's negligence as set forth above, Plaintiff sustained catastrophic injuries, including but not limited to:

   a. Multiple system blunt trauma:
      i. Left inferior orbital rim fracture;
      ii. C6 spinous process fracture;
      iii. C7 spinous process fracture;
      iv. T1-2 interspinous distraction;
      v. Distal periaortic hematoma;
      vi. Right patellar fracture with arthrotomy;
      vii. Right scapholunate ligamentous injury; and
      viii. Left open tibia/fibula fracture.
   b. Delayed healing of tibia/fibula fracture with failed hardware requiring reoperation;
   c. Chronic pain;
   d. Post-traumatic depression; and
   e. Persistent IADL deficits requiring assistance.

21. Plaintiff's injuries cause him significant persistent pain in his right wrist, neck, and legs bilaterally. He experiences numbness on the medial aspect of his left foot, and intermittent tingling around the entirety of his left lower extremity. He experiences constant tightness of his neck, to which a massage therapist and acupuncturist can only provide short-lasting, temporary relief.

22. Since the accident, Plaintiff is unable to engage in physical labor required for his job, such as climbing ladders, pushing and pulling pallets, or operating a forklift. Similarly, Plaintiff can no longer perform simple life tasks such as throwing out rock salt on the driveway in bad weather, or letting his grandchildren hang from his shoulders.

23. As a direct and proximate result of Mr. Gosselink's negligence as set forth above, Plaintiff has incurred significant medical, therapeutic, rehabilitative, and other expenses exceeding $189,756.50 which will be proved with reasonable certainty at trial.

24. As a direct and proximate result of Mr. Gosselink's negligence as set forth above, Plaintiff expects to continue to incur medical, therapeutic, rehabilitative, and other expenses in the future, in an amount of $778,936.10 which will be proved with reasonable certainty at trial.

25. As a direct and proximate result of Mr. Gosselink's negligence as set forth above, Plaintiff has experienced, and will continue to experience, pain and suffering and is now permanently totally disabled.

26. As a direct and proximate result of Mr. Gosselink's negligence as set forth above, Plaintiff has experienced past lost income in the amount of $47,541 and will continue to experience future lost income in the amount of $1,449,900, for a total of $1,497,441 in lost income.

27. The actions or omissions by Mr. Gosselink constitute the tort of negligence and negligence per se under the laws of the State of Missouri.

28. Defendant United States of America is liable for these acts or omissions as the employer of Mr. Gosselink under the FTCA.

**PRAYER FOR RELIEF**

29. Plaintiff therefore respectfully requests a judgment against Defendant for:

   a. compensatory damages for Plaintiff's past and future medical bills resulting from Mr. Gosselink's negligence;

   b. compensatory damages for Plaintiff's past and future loss of income resulting from Mr. Gosselink's negligence;

   c. compensatory damages for Plaintiff's pain and suffering resulting from Mr. Gosselink's negligence; and

   d. such other relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues.

Respectfully Submitted,

*/s/ Matthew B. Woods*

Matthew B. Woods
Missouri Bar No. 34740

**ENG & WOODS**
ATTORNEYS AT LAW
903 East Ash Street
Columbia, Missouri 65201
Phone: (573) 874-4190
Fax: (573) 874-4192
mwoods@engandwoods.com
Attorneys for Plaintiff